[Cite as *In re M.L.H*, 2018-Ohio-3805.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In re: | : | |
| M.L.H. (a.k.a. M.L.B.), | : | No. 18AP-79 |
| | | (C.P.C. No. 14JU13441) |
| (S.B., | : | |
| | | (REGULAR CALENDAR) |
| Appellant). | : | |

D E C I S I O N

Rendered on September 20, 2018

**On brief** *Robert J. McClaren*, for appellee *Franklin County Children Services.*

**On brief:** *Karin Demaree*, for M.L.H.

**On brief:** *Thomas Waldeck*, for appellant S.B.

**On brief:** *Keith Brewster*, Guardian ad litem.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

TYACK, J.

{¶ 1}  S.B. is appealing from the ruling of the trial court in her case involving the granting of permanent custody.  She assigns a single error for our review:

> THE TRAIL COURT ERRED IN VIOLOATION OF RIGHTS UARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES AND ARTICLE 1 SECTION 16 OF THE OHIO CONSTITUTION WHEN IT DENIED THE MOTION BY THE MOTHER, [S.B.], FOR A CONTINUANCE SO THAT SHE COULD BE TRANSPORTED FROM THE FRANKLIN COUNTY JAIL TO COURT TO ATTEND A HEARING ON THE MOTION BY FRANKLIN COUNTY CHILDRENS SERVICES SEEKING PRMANENT CUSODY OF HER CHILD.

(Sic passim.)

{¶ 2}  S.B. has a lengthy criminal record which has led to her being in custody repeatedly.  Her child has been in foster care since November 2015.

{¶ 3}  At the time the permanent custody hearing was conducted, S.B. was in the Franklin County Correctional System after being arrested for fleeing the halfway house where she was supposed to be living.  She was in all likelihood about to be ordered to return to prison.

{¶ 4}  S.B. had only seen the child six times in the last six years, so the child understandably did not feel bonded to her mother.  S.B. lost custody of the child when the child was less than two years old.

{¶ 5}  The child's biological father has no interest in further involvement with the child.  The child's mother expresses an interest in involvement with the child but has not acted in a way which provides any proof that she really has that interest.

{¶ 6}  Turning to the actual assignment of error, the child's custody case had been continued repeatedly.  While the motion for permanent custody was pending, S.B. left the halfway house and concealed her whereabouts from everyone, including the child.  S.B. was arrested ten days before the hearing on permanent custody.  Her attorney appeared at the hearing and requested that the case be continued again.  The trial court judge, aware of the requirement that such cases be heard within 120 days of the filing of the motion, refused the continuance.  The judge acted well within his discretion.

{¶ 7}  The sole assignment of error is overruled.  The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch is affirmed.

*Judgment affirmed.*

DORRIAN and HORTON, JJ., concur.

———————————